# EXHIBIT B

Lawrence County Court of Common Pleas

Shawn Thomas Moore,
        Plaintiff, pro-se.
            V.
Brian Covert, Warden;
Jason Hilton, Asst. Warden;
Brian Luffey, Primecare Admin;
Dr. Rossino, Primecare Docter;
"Jon Doe", Corporate V.P. of
Risk Management, Primecare Medical;
Primecare Medical Inc; Defendants

Complaint
Civil Action
No. 10471/14 CA

FILED/ORIGINAL
2014 MAY -7  A 8: 18

HELEN I. MORGAN
PRO AND CLERK

I. Jurisdiction & Venue

1.    This is a civil action authorized

by 42 U.S.C. § 1983 to redress

the deprivations, under color of state

law, of rights secured by the

Constitutions of the United States.

②

and Pennsylvania. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (a)(3). The Court has supplemental jurisdiction over plaintiffs state law claims under 28 U.S.C. § 1367. Plaintiff seeks declaratory relief pursuant to Pennsylvania state law and Rules of Civil Procedure 1602 and 28 U.S.C. § 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by Pennsylvania State law, PA.R.C.P.R. 1531 and by 28 U.S.C. § 2283 and § 2284.

2.   The Lawrence County Court of Common Pleas is an appropriate venue because it is where



where the events giving rise to this claim occurred.

## II. Plaintiff

3. Plaintiff, Shawn Thomas Moore, is and was at all times mentioned herein a pretrial detainee of the Lawrence County Jail, New Castle, PA.

## III. Defendant's

4. Defendant, Brian Covert, is the Warden of the Lawrence County Jail. He is legally responsible for the operations of the Lawrence County Jail ("LCJ") and for the welfare of all inmates.

5. Defendant, Dr. Rossino, is employed



through Primecare Medical via L.C.J. contract.

6.   Defendant, "John Doe", Corporate Vice President of Risk Management, is responsible for the weekly review of all inmate grievances pursuant to page 8 paragraph 22 of contract with L.C.J.

7.   Defendant, Primecare Medical Inc., is a private company contracted through L.C.J. to provide medical treatment to its inmates.

8.   Each defendant is sued individually and in his or her official Capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

(5)

## IV. Facts

9.   Plaintiff, Shawn Thomas Moore, has been a pretrial detainee since June 14th, 2012.

10.   The plaintiff has Hepatitis C and is in need of proper treatment to prevent serious exacerbation and further irreprable harm to his liver.

11.   Hepatitis C is a serious medical condition that requires proper treatment.

12.   As of 5/28/13 the plaintiff has been given approxiamately four ALT liver function tests as part of his Chronic care condition. Each test has shown 3 to 4 times the

6.

normal levels of liver function.

13. Defendant, Dr. Rossino, refuses to have the plaintiffs serious medical condition properly treated.

14. Plaintiff has submitted several "sick call" slips regarding pain in his liver and has still received no treatment as the damage to his liver becomes exacerbated.

15. Plaintiff has submitted several sick call slips regarding increased pain in his liver to no avail.

16. On approximately 11/20/12, Plaintiff filed a grievance regarding his health.

(7.)

17.   On 11/28/12, Plaintiff received an answer to his grievance denying it.

18.   On 11/28/12, Plaintiff filed his appeal to the denial of his grievance.

19.   Plaintiff received no response to his appeal.

20.   On 11/28/12, Plaintiff filed an additional grievance to the Warden, Brian Coleman, to ensure his knowledge of the situation. On 11/28/12, Captain Farno came to the block the plaintiff is housed at approximately 7:30 PM. Captain Farno said he would personally put the grievance on Warden Coverts desk.

(8.)

21. Plaintiff subsequently has been given both a sonogram and x-ray to rule out other causes. Both tests were negative to other potential causes.

22. Plaintiff received no response to his second grievance or appeal.

23. The Plaintiff's right to be free from cruel and unusual punishment under the 8th Amendment as applied to him through the 5th and 14th Amendments of Due Process have been violated as a pretrial detainee.

(9.)

## V. Exhaustion of Legal Remedies

24.  Plaintiff, Shawn Thomas Moore, used the inmate grievance procedure available at L.C.J., per inmate handbook pg 16, to try and resolve the problem. On 11/22/12 the plaintiff presented the issues related to this complaint. On 11/28/12, plaintiff received a denial of his grievance. On 11/28/12, plaintiff appealed the denial of his grievance and got no response to his appeal. Plaintiff further filed and additional grievance and then appeal with no response.

(10)

## VI. Legal Claims

25. Plaintiff realleges and incorporates by reference paragraphs 1-24.

26. The deliberate indifference of the defendants to the plaintiffs serious medical needs have violated the plaintiffs rights to be free from cruel and unusual punishment as applied to him through 5th and 14th Amendments of Due Process to the United States Constitution.

27. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and continues to be

(11.)

irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief plaintiff seeks and any additional equitable relief this court deems fit.

VII.   Prayers For Relief

28.  Wherefore, plaintiff respectfully prays that this honorable court enter judgement granting plaintiff:

29.  A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitutions and laws of the United States and Pennsylvania.

(12.)

30.   A preliminary and permanent injunction ordering defendants to properly treat plaintiffs serious medical condition.

31.   Nominal Damages against each defendant.

32.   Compensatory Damages against each defendant.

33.   Punitive Damages against each defendant.

34.   A jury trial on all issues triable by jury.

35.   Plaintiffs costs in this suit.

36.   Any additional relief this court deems just, proper, and equitable.

Shawn Moore 6/2/14
Respectfully Submitted

Shawn Thomas Moore
111 S. Milton St.
New Castle, PA 16101

(13.)

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at New Castle, PA on 6/2/14

Shawn Moore

Shawn Thomas Moore
111 S. Milton St.
New Castle, PA 16101