THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

DEC 18 2014

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

SHAWN THOMAS MOORE          : HONORABLE DAVID S. CERCONE
          Plaintiff, pro-se.          : HONORABLE MAUREEN P. KELLY
          V.          :          CIVIL ACTION-LAW
SUSEN ROSSINO, MD,          : No. 2:14-CV-00870-DSC-MPK
et al. Defendants.          : JURY TRIAL DEMANDED

CONSOLIDATED BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION'S TO DISMISS

AND NOW comes the Plaintiff SHAWN THOMAS
MOORE, pro-se, and files his Consolidated Brief
In Opposition to Defendants Motions to Dismiss
and states the following:

PROCEDURAL BACKGROUND

Plaintiff, SHAWN MOORE, filed this
pro-se action against Defendants alleging
Due Process violations pursuant to 42 U.S.C.
§ 1983.
          Defendants removed this action from the
Court of Common Pleas, Lawrence County to
this Honorable Court pursuant to original jurisdiction

## FACTUAL BACKGROUND

Plaintiff has Hepatitis C. Hepatitis C is a very serious medical condition. Hepatitis C left untreated without the only "treatment" available, a combination of the medications pegylated interferon and ribavirin, leads to liver damage, cirrhosis, and even death. Plaintiff has had severe pain in his liver for well over two years also.

Despite of the Plaintiffs serious medical needs, Defendant Dr. Susen Rossino has not provided any medication for the Plaintiffs Hepatitis C and pain in his liver. Defendant Dr. Susen Rossino told the Plaintiff he would not receive medication treatment for his Hepatitis C while he remains here at the Lawrence County Jail, each time asking the plaintiff how much longer he would be at the jail, to which plaintiff responded "at least two more years."

The Plaintiff files grievances at the Lawrence County Jail. (See Exhibits "A", "B", "D", "E", "F", and "G")

In PrimeCare Medicals response to
my grievance (EXHIBIT "C") they state they
follow the National Institute of Health's (NIH)
recommendations for the treatment of Hepatis
C. PrimeCare states as follows:
"Current treatment options for patients
with HCV infection should discuss
treatment options with a physician who is
experienced in treating the disease,
Treatment is recommended in patients at
increased risk for cirrhosis unless there
are reasons that would make treatment
unsafe. According to the National Institutes
of Health (NIH) persons at increased risk
for cirrhosis would include those with
HCV infection and:
 · Persistent elevation of ALT (alanine
aminotransferase, a liver enzyme in the blood)
       2 lab results is not persisent
 · High levels of HCV RNA in the blood.
      No HCV RNA in your results "

      Despite the Defendants assertions,
that the Plaintiff simply disagrees
with the course of treatment, the fact
of the matter is, no treatment at all
      has been provided.

There may be more than one way to "treat" a variety of illnesses, but that is not the case with Hepatitis C. Your either receiving "treatment" for Hepatitis C with combination therapy of pegylated interferon with ribavirin or your receiving no "treatment" at all, to which the plaintiff complains... no treatment at all in "the face of an "excessive risk to inmate health or safety" (citation omitted), and " an unnecessary and wanton infliction of pain" (citation omitted).

## ARGUMENT

" First we tend to be flexible when applying procedural rules to pro-se litigants, especially when interpreting their pleadings. See e.g. Higgs v. Atty, 65 F.3d 333, 339 (3d Cir 2011). ("The obligation to liberally construe a pro-se litigants pleadings is well established") This means we are willing to apply the relevant legal principle even when the complaint has failed to name it Dluhos v Strasberg, 321 F.3d 365, 369 (3d Cir 2003) And at least on one occasion, we have refused to apply the doctrine of appellate

(5.)

waiver when dealing with a pro-se litigant. _Tabron_ _v. Grace_, 6 F.3d. 147, 153 n.2 (3d Cir. 1993) This tradition of leniency descends from the Supreme Courts decades-old decision in _Haines v. Kerner_, 404 U.S. 519, 92 S.Ct. 594, 30 L. Ed. 2d. 652 (1972). In _Haines_, the Court instructed judges to hold pro-se complaints "to less stringent standards than formal pleadings drafted by lawyers." _Id._ at 520, 92 S.Ct. 594; see _Erickson v. Pardus_, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007).

We are especially likely to be flexible when dealing with pro-se litigants imprisoned. Such litigants often lack the resources * 245 and freedom necessary to comply with the technical rules of modern litigation. See _Moore v. Florida_, 703 F.2d. 516, 520 (11th Cir. 1983) ("Pro-se prison inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel)" Quoting _Mala v._ ████ — _Crown Bay Marina Inc._, 704 F.3d. 239.

"Under Federal Rule of Civil Procedure, 8(a)(2), a pleading must contain a "short plain statement of the claim showing that the pleader is * 678 entitled to relief." As the court held in _Twombly_, 550 U.S. 544, 127 S.Ct. 1955, 167

L. Ed. 2d. 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than the unadorned, the-defendant-unlawfully-harmed-me accusation, Id. at 555, 127 S. Ct. 1955. A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." Id. at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id at 556 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid." Quoting Ashcroft v.Iqbal 556 U.S. 662, at 677, 678, 129 S.Ct. 1931 (2009).

Plaintiffs complaint pleads facts that he has Hepatitis C, since 1996, that this is

(7.)

a serious medical condition, to which defendants
concede. That his blood liver tests show
his condition is symptomatic and he is in
need of immediate treatment to prevent
further exacerbation and irreprable harm
to his liver. That he has had cronic
pain in his liver for two years that
Defendents also refuse to treat. That Defendants
have stated the Plaintiff needs to "discuss
treatment options with a Physician who is
experienced in treating the disease." That
Defendents have lied about the plaintiff
having HCV-RNA in his blood. That over two
years plaintiff has had (9) liver tests (ALT)
that have shown extremely elevated levels,
and that by N.I.H. standards, the elevated
results are persistent and require treatment.
    That the defendants have all acted
with deliberate indifference to plaintiffs
serious medical needs.
            These are not "threadbare recitals of the
elements of a cause of action, supported by
mere conclusory statements." Iqbal at 662.
Nor are they unadorned "the-defendant-
unlawfully-harmed-me accusations." Twombly
at 555. These are hard facts in a verified



complaint. The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler V. UPMC Shadyside</u>, 578 F. 3d 203, 210 (3d Cir. 2009)(Quoting <u>Phillips V County of Allegheny</u>, 515 F. 3d 224, 233 (3d Cir. 2008).

## DELIBERATE INDIFFERENCE

The Supreme Court identified the basic standards for a deliberate indifference claim in <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976): "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate *450 indifference to serious medical needs" For conduct to rise to the level of deliberate indifference, plaintiff must demonstrate "an unnecessary and wanton infliction of pain" which is "repugnant to the conscience of mankind" and "offends evolving standards of decency." Id. Plaintiff can satisfy this standard by demonstrating both that (1) plaintiff had a serious medical need, and also that (2) the defendant was aware

(9.)

of this need and was deliberately indifferent to it. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); See also Wilson v. Seiter, 501 U.S. 294, 296-98, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). (Citing McCabe v. Prison Health Services, 117 F.Supp2d. 443, 449-50).

Defendants admit both that plaintiff has a serious medical need and their awareness of it.

The Supreme Court has held that the level of culpability entailed by the second element, deliberate indifference, falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm). Farmer, 511 U.S. at 836-37, 114 S.Ct. 1970 (holding that a prison official can be found reckless or deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety..."). McCabe at 450.

Defendants state that "negligent misdiagnosis or an inadvertent failure to provide care does not establish a Constitutional violation." Estelle, at 97, and "Deliberate Indifference is more than inadvertance or a good faith error." Whilley v. Albers, 475 U.S. 312.

⟨10.⟩

There is no "misdiagnosis" or "inadvertance" or anything done on "good faith" on behalf of the defendants. They are a for profit company full aware of the "treatment" they need appear to give to avoid liability in a § 1983 suit. Trying to claim they have given the plaintiff "treatment" but he simply disagrees with it. Or that the care he has received is in line with the standards of care for his disease are an insult. Clearly they have been negligent, but it also rises to a higher degree of culpability, reckless and wanton!

In evaluating claims of deliberate indifference, courts have distinguished between denial of medical treatment, like that alleged here, and inadequate medical treatment. Mere disagreement as to the proper medical treatment does not support a claim of an Eighth Amendment violation; courts will defer to medical judgments of the propriety of treatment. See Monmouth County, 834 F.2d. at 346; (McCabe at 450)

Although an isolated failure to treat, without more, is ordinarily not actionable, it "may in fact rise to the level of a constitutional violation if the surrounding circumstances suggest a degree of deliberateness, rather

(11.)

than inadvertence, in the failure to render meaningful treatment." Gill v. Mooney, 824 F.2d. 192, 196 (2d. Cir 1987) McCabe at 451

On the other hand, the denial of medical treatment requested by an inmate states a cause of action under § 1983. The Third Circuit has stated that where prison authorities deny reasonable requests for medical treatment, and such denial exposes the inmate "to undue suffering or the threat of tangible residual injury," deliberate indifference is manifest. Monmouth County, 834 F2d. at 346, (citing Westlake v. Lucas, 537 F2d. 857, 860 (6th Cir.1976)). McCabe, 117 F.Supp 2d 443, at 451.

Hepatitis C is a progressive disease that left untreated can cause permanent liver damage, cirrhosis, and even death.

Furthermore, short of total denial, if necessary treatment is delayed for non-medical reasons, a case of deliberate indifference has been made out. Monmouth County, 834 at 346-47, (citing Ancata v Prison Health Servs., 769 F2d. 700, 704 (11th Cir.1985)). McCabe at 451.

The Supreme Court in Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475 at 2480 "that prison officials may not be deliberately indifferent to an

inmates current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year. Id at 33.

Additionally, deliberate indifference has been found where "the prison official persists in a particular course of treatment" in the face of "resultant pain and risk of permanent injury." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing White v. Napoleon, 897 F.3d 103, 109 (3d Cir. 1990). "There may, for example, be several acceptable ways to treat an illness," White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). However, that absolutely is not the case with Hepatitis C. There is Interferon and Ribavirin combination therapy and thats it. So, your either being "treated" for the disease or your not.

Last, plaintiff would like to point to the recent decision of this Honorable Court in Neeley v. Carrillo, 2014 WL 2711160 where some of the facts and one of the Defendants (Primecare Medical) mirror the facts in this case. Both Plaintiffs suffer from Hepatitis C and both were told they would

not be "treated" while at their respective facilities. The Plaintiff has stated a cause of Deliberate Indifference on behalf of Defendants Susen Rossino, Brian Luttey, and Primecare Medical, it is therefore respectfully requested this Honorable Court deny Defendants Motions to Dismiss and allow Plaintiffs claim to move forward to Discovery and Trial.

## VERIFICATION

I, SHAWN MOORE, have read the foregoing MOTION IN OPPOSITION and BRIEF IN SUPPORT thereof and verify that the matters alleged therein are true except as to matters alleged on information and belief, as to those, I believe them to be true. I certify under penalty that the foregoing is true and correct.

Dated :                          Respectfully Submitted

                                SHAWN MOORE
                                111 S. Milton St.
                                New Castle, PA 16101

CERTIFICATE OF SERVICE

I hereby certify on the October 9th, 2014 that the foregoing Consolidated Motion and Brief In Support has been served on the following by depositing the same in the United States Mail, postage prepaid, in New Castle, PA on October 9th 2014.

Terry C. Cavanaugh, Esquire
Marshal, Dennehy, Warner, Coleman & Goggin, P.C.
U.S. Steel Tower
600 Grant Street, Suite 2900
Pittsburgh, PA 15219
Counsel for Susen Rossino, M.D.

John R. Ninosky, Esquire
301 Market St.
P.O. Box 109
Lemoyne, PA 17043-0109

Dated: 12/12/14

Respectfully submitted,
Shawn Moore
SHAWN MOORE
111 S. Milton St.
New Castle, PA 16101