IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN THOMAS MOORE, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 14-870 |
| vs. ) | |
| ) | Judge David Stewart Cercone/ |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| BRIAN LUFFEY *PrimeCare* ) | |
| *Administrator*; PRIMECARE ) | Re: ECF Nos. 21, 23 |
| MEDICAL, INC.; SUSEN ROSSINO, ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

Pending before the Court are a Motion to Dismiss filed on behalf of Defendant Susen Rossino (ECF No. 21) and a Motion to Dismiss filed on behalf of Defendants Brian Luffey, PrimeCare Administrator, and PrimeCare Medical, Inc., (ECF No. 23). In both motions, Defendants seek dismissal of Plaintiff's Fourteenth Amendment claims arising out of the alleged inadequate treatment of his Hepatitis C and resultant pain while incarcerated as a pre-trial detainee in the Lawrence County Prison, located in Lawrence County, Pennsylvania.

Plaintiff's Second Amended Complaint alleges his disagreement with the course of treatment for his Hepatitis C, which this Court agrees is not sufficient to sustain a claim upon which relief may be granted. However, Plaintiff also alleges that he has requested but has not received any treatment for persistent severe pain related to his condition. Based upon his allegation that Defendants Rossini and Luffey were aware of but refused to treat Plaintiff's severe pain, at this early stage of the litigation, Plaintiff has alleged sufficient facts to support a

1

claim upon which relief may be afforded as to each named Defendant. Accordingly, it is respectfully recommended that the Motion to Dismiss filed on behalf of Defendant Rossino, ECF No. 21, be denied, and that the Motion to Dismiss filed on behalf of Defendants Luffey and PrimeCare Medical, Inc., ECF No. 23, also be denied.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

When considering a motion to dismiss, the Court must accept as true the factual allegations in the Complaint and draw all reasonable inferences in the Plaintiff's favor. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for purposes of this decision, the essential facts are as follows.

Plaintiff alleges that he has been incarcerated as a pretrial detainee in the Lawrence County Jail since June 14, 2012. (ECF No. 20, ¶ 8). Plaintiff alleges that Defendant Susan Rossino, M.D., the assigned physician for Lawrence County Jail, is employed by PrimeCare Medical, Inc., and is supervised by Defendant Brian Luffey, the on-site Administrator for PrimeCare Medical, Inc.

Plaintiff alleges that he has suffered from Hepatitis C since 1996 and that he is in need of treatment for this serious medical condition. In the absence of appropriate care, he claims that he has been in moderate to severe pain throughout his incarceration and has been bed-ridden for 20-22 hours per day, causing him to gain 75 pounds. Plaintiff alleges that he has repeatedly submitted sick call slips regarding pain in his liver, but has not received treatment. Plaintiff has received blood tests, a sonogram and an x-ray "to rule out other potential causes of pain in his liver." (ECF No. 20, ¶ 31). Plaintiff alleges that the sonogram and x-ray "came back negative, leaving [his] liver as the source of his pain." (ECF No. 20, ¶ 32).

Plaintiff has filed several grievances requesting treatment, at least one of which was denied by Defendant Luffey.  In denying Plaintiff's grievance, Defendant Luffey explained that Plaintiff's repeated bloodwork establish that he is not yet at increased risk of Hepatitis C- related cirrhosis.  (ECF No. 36, 40).  Plaintiff alleges that Defendant Luffey has intentionally misrepresented the results of his blood tests, which Plaintiff states "show extremely elevated ALT blood levels."  Plaintiff further contends that he has not received one of the specific tests upon which Defendants Rossini and Luffey rely to deny treatment. (ECF No. 20, ¶ 38, 42).

Based upon the foregoing, Plaintiff alleges claims pursuant to the Fourteenth Amendment of the United States Constitution, arising out of the Defendants' alleged deliberate indifference to Plaintiff's serious medical needs. Plaintiff seeks injunctive relief, in the form of a court order requiring treatment by a qualified physician experienced in treating Hepatitis C, as well as nominal, compensatory and punitive damage awards against each Defendant.

    **B.**    **STANDARD OF REVIEW**

        **1. Pro Se Litigants**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the

complainant. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard). Because Plaintiff is a pro se litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5C Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n. 3; Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

    C.    **DISCUSSION**

        **1. Fourteenth Amendment Claims**.

Section 1983 "is not itself a source of substantive rights," but rather provides "a mechanism for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n. 4 (1979). Plaintiff alleges that as a pretrial detainee, his constitutional rights under the Fourteenth Amendment due process clause have been violated. As applied here, the Fourteenth Amendment protects against the deprivation of liberty without due process of the law, and in the case of a pretrial detainee, prohibits punishment before a determination of that person's guilt. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). The "Due Process Clause provides pretrial detainees with at least as much protection as is afforded to prisoners raising denial-of-medical-treatment claims under the Eighth Amendment." Thrower v. Alvies, 425 F. App'x 102, 104 (3d Cir. 2011) (citing Natale v. Camden Cnty. Corr. Facility, 328 F.3d 575, 581–82 (3d Cir. 2003)). While a pretrial detainee is not afforded protection under the Eighth Amendment, a claim "of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claims of inadequate medical care." Lenhart v. Pennsylvania, 528 F. App'x 111,115 (3d Cir.2 013) (citing Natale, 318 F.3d at 581). The standard to be applied in these cases is whether a prison official

5

was deliberately indifferent to "serious medical needs" of a prisoner. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Therefore, a plaintiff must allege facts that demonstrate two elements to state a claim for failure to receive medical care under the Fourteenth Amendment: (1) a serious medical need; and (2) the prison official's deliberate indifference.

The United States Court of Appeals for the Third Circuit has held that a serious medical need is established where it has been diagnosed by a physician as requiring treatment, is easily recognizable by a lay person, or by "reference to the effect of denying the particular treatment." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citing Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). A serious medical need may also be identified where there is "unnecessary and wanton infliction of pain," or where "denial or delay causes an inmate to suffer a life-long handicap or permanent loss...." Id. (citing Estelle, 429 U.S. at 103).

The second element, deliberate indifference, consistently has been held to a standard above "mere allegations of malpractice." Id. at 346. Deliberate indifference does not require a showing of complete failure to provide care, rather "[w]here prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." Id. at 346 (citing Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976), cited with approval in Estelle, 429 U.S. at 105)(emphasis added). Further, "[p]rison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for 'an easier and less efficacious treatment....'" Id. at 347 (citing West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978)).

The test for deliberate indifference "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients" and "[c]ourts will disavow any attempt to second-guess the propriety or adequacy of a particular

6

course of treatment ... [which] remains a question of sound professional judgment." <u>Inmates of Allegheny Cnty. Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir.1979) (citing Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir.1977)).

    Here, Plaintiff has sufficiently pleaded that he suffered a serious medical need, as Hepatitis C is recognized to present a serious risk to health, and has alleged that he suffered in severe pain for months, leaving him essentially bedridden 20-22 hours per day. Plaintiff alleges he repeatedly asked for medical treatment for his pain and that Defendant Rossini repeatedly failed to respond. Further, Plaintiff alleges that through his grievances, Plaintiff informed Health Service Administrator Defendant Luffey that he was in severe pain, but Defendant Luffey refused to provide necessary treatment. Plaintiff further alleges that Defendant Luffey's denial of treatment was based upon the policies and procedures set forth by Defendant PrimeCare Medical. Based upon his allegations, at this initial stage of the litigation, and before production of appropriate medical records, Plaintiff has sufficiently pleaded that that Defendants were deliberately indifferent to his pain. Accordingly, Defendants' Motions to Dismiss Plaintiff's Fourteenth Amendment claims are denied.[1]

---

[1] The Court notes that going forward, should the evidence point to a dispute over the form of treatment or diagnostic techniques, or a claim of negligence, Defendants will be entitled to the entry of judgment in their favor. <u>See</u>, <u>Estelle</u>, 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court."). However, at this juncture, the record does not establish whether Plaintiff reported his severe pain or any steps taken to address Plaintiff's complaints of pain, rendering dismissal inappropriate.

**D. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed on behalf of Defendant Rossino, ECF No. 21, be denied and that the Motion to Dismiss filed on behalf of Defendants Luffey and PrimeCare Medical, Inc., ECF No. 23, also be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections no later than May 18, 2015. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2015

cc: The Honorable David S. Cercone
United States District Judge

Shawn Thomas Moore
Lawrence County Jail
111 South Milton Street
New Castle, PA 16101

All counsel of record by Notice of Electronic Filing