IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN MOORE                : Civil Action No. 14-870
       vs.                 : Judge David S. Cercone
BRIAN LUFFEY, et al.       : Chief Magistrate Judge Maureen P. Kelly
       Defendants.         : WRITTEN OBJECTIONS FED R.C.P. 72(b)

PLAINTIFF'S WRITTEN OBJECTIONS TO
MAGISTRATE REPORT AND RECOMMENDATION

Now comes the plaintiff, SHAWN MOORE, in the above entitled action pursuant to Fed. R.C.P. 72(b), 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, and files his written objection to the portion of the Magistrates Recommendation denying part of his complaint against defendants. In support of plaintiffs objections he requests the Court accept additional evidence pursuant to § 636(b)(1)(C).

HISTORY

Plaintiff has been a pretrial detainee at the Laurence County Jail since June 14, 2012. Plaintiff has Hepatitis C.

Plaintiff alleges that defendants Dr. Susen Rossino, Brian Luttey, and Prime Care Medical Inc., have refused to provide treatment for his Hepatitis C and pain in his liver despite his numerous requests that they do so.

### OBJECTIONS TO RECOMMENDATION

Plaintiff specifically objects to the portion of the Magistrates Recommendation on Page (1), Paragraph (2) that states in part:

"Plaintiffs Second Amended Complaint alleges his disagreement with the course of treatment for his Hepatitis C, which this Court agrees is not sufficient to sustain a claim upon which relief may be granted."

1.) Did the Court err as a matter of fact or law by failing to note the difference between "medical care" and "treatment" in rendering its decision that the plaintiff disagrees with the "course of treatment"?

A. Did the Court err as a matter of fact or law when it assumed that there was more than one "course of treatment" for Hepatitis C as it relates to the facts in this case thereby misconstruing plaintiff's complaints for non-treatment as one of mere malpractice?

B. Did the Court err as a matter of fact or law when it assumed that there was more than one "course of treatment" for Hepatitis C as it relates to the facts of this case?

2. Did the Court err as a matter of fact or law by disavowing an attempt to call into question the defendant doctor's culpable state of mind for her failure to provide treatment and take the steps outlined in PrimeCare Medical's policy regarding treatment for Hepatitis C? (Exhibits "A-1 thru A-5").

3. Does the case-law for Deliberate Indifference claims fail to fully define the differences between actual "treatment" as opposed to "medical care," "evaluations" and the like contributing

an error of law in this case?

4.) Did the court err as a matter of law or fact when it recommended that the plaintiff did not state a claim upon which relief may be granted because he admitted he had received some "medical care" but not "treatment", especially where the medical blood tests (ALT) showed the plaintiff should have had "treatment" based on PrimeCare's policy/protocol?

5.) Did the court err as a matter of fact or law in denying part of plaintiff's claim where he could specifically point to Dr. Susen Rossino's culpable state of mind evidenced by her ignoring protocol based in the fact that she also told plaintiff he would not be treated for Hep-C while at the jail, before any evaluations had been performed, in addition to PrimeCare never having treated a Pennsylvania County inmate with medication for Hep-C?

# NEW EVIDENCE AND FACTS

1.) PrimeCare Medical Inc. policy named: "Guidelines on Management of Hepatitis C" (Exhibits "A-1 thru A-5")

2.) BioReference Laboratories blood test results for plaintiff's liver function tests (ALT) (Exhibits "B-1 thru B-8")

A quick review of "P.C.M." policy reveals that at all times relevant to plaintiff's complaint P.C.M.'s Hep-C policy had only one form of "treatment." Treatment being defined through this policy as providing the combination therapy medications of "Pegylated Interferon and Ribavirin." (See Exhibits "A-2 § (G)"; "A-3 §§ (5)(6)(7) and (8)"; "A-4 §§ (3)(4)(5)(6) and (C)"; and "A-5 §§ (D)(E) and (F)".
All other steps in the Hep-C protocol are for evaluation purposes to see whether "treatment" is warranted. Plaintiff can and has specifically pointed to the results of ALT evaluations (See Exhibits "B-1 thru B-8") that prove the results are elevated and the Doctor's Deliberate Indifference by not following protocol and policy.

## NEW FACTS RELEVANT TO EVIDENCE OF CLAIM

3.) On February 12th, 2015, the Defendants sent the plaintiff to see a specialist in the treatment of Hepatitis C.

4.) The specialist, Dr. Connolly, of Valley Gastroenterology Inc., ordered a litany of blood tests be performed on plaintiff and ordered he be returned in one month with the results.

5.) On March 30th, 2015, plaintiff returned to see Dr. Connolly with the results.

6.) Based upon his expertise and evaluation Dr. Connolly recommeded the plaintiff be treated with the medication combination therapy of Vicara and Ribavirin.

7.) Dr. Connolly, in essence said the medications recommended in PrimeCare's policy of Pegylated Interferon are not even used anymore and haven't in some time.

8.) Dr. Connolly stated that Vicara has a cure rate of 97% for Hepatitis C, genotype 1.

9.) Dr. Connolly stated the medication being used before Vicara has a 94% cure rate as opposed to Pegylated Interfuron's 35% cure rate.

10.) Dr. Connolly stated that the medication therapy was in pill form and lasted only (12) twelve weeks and was far less toxic then the (48) forty-eight week injections of Pegylated Interfuron.

11.) PrimeCare Medical's own policy states "Knowledge regarding hepatitis C has increased dramatically over the past several years, and it continues to be an area of active research. Management and treatment options are continually being updated; however, to date, no reliable cure has been established." (Exhibit "A-2 §(IV)")

This policy dates back to the Fall of 2002 and has not even been revised since 01/01/09 (2009). The policy and lack of revision clearly establish's PrimeCare's Deliberate Indifference towards those inmates under its care afflicted with this serious medical condition of which the plaintiff is a part.

## ARGUMENT

In the absence of a definition between the differences of "medical care" and "treatment" plaintiff argues his claim for non-treatment of his Hepatitis C is being improperly denied.

Plaintiff receiving blood tests to check his liver function (ALT) is not treatment per PrimeCare Protocol. "Deliberate indifference does not require a showing of complete failure to provide care, rather "[W]here prison authorities deny reasonable requests for medical treatment... and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (citing Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976), cited with approval in Estelle, 429 U.S. at 105) (emphasis added). Within this quote there does seem to be a difference between care and treatment.

There is not a disagreement between the course of treatment the plaintiff did & didn't receive. PrimeCare policy states

there is one form of treatment. To determine whether treatment is necessary a strict formula has been setup to determine the necessity of treatment. Defendant Dr. Susan Rossino deliberately chose to ignore the part of the policy that would have required treatment for the plaintiff. For two and a half years she ignored it, over and over and over again. Defendant Rossino informed plaintiff he would not receive treatment for Hep-C while at the Lawrence County Jail.

## CONCLUSION

Plaintiff has stated a claim of Deliberate Indifference for non-treatment of his Hepatitis C. Plaintiff respectfully requests this Honorable Court reject and or modify the portion of Chief Magistrate Kelly's Recommendation that does not allow his claim in part and allow it to proceed on all issues alleged.

Dated: May 11, 2015

Respectfully Submitted,

Shawn Moore
SHAWN MOORE
111 S. Milton St.
New Castle, PA 16101

## CERTIFICATE OF SERVICE

I hereby certify that on the May 11th, of 2015, that the foregoing Written Objections to Magistrate Report and Recommendation has been served on the following by depositing the same in the United States Mail, postage prepaid in New Castle, PA, on May 11th, 2015.

SEAN O. CALLAGHAN, ESQ.
TERRY C. CAVANAUGH, ESQ.
600 Grant St. Suite 2900
Pittsburgh, PA 15219
Attorneys for Defendant
Susen Rossino, M.D.

JOHN R. NINOSKY
301 Market St.
P.O. Box 109
Lemoyne, PA 17043-0109
Attorney for Defendants
PrimeCare Medical Inc.;
Brian Luffey

Respectfully Submitted

SHAWN MOORE, Pro-Se
111 S. Milton St.
New Castle, PA 16101