IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN THOMAS MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSEN ROSSINO, M.D. )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 14-870<br>Judge David Stewart Cercone/<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re:  ECF No. 103 |

## **ORDER**

Presently before the Court is Defendant Susen Rossino's Motion to Compel Discovery, ECF No. 103, Plaintiff Shawn Thomas Moore's Response in Opposition thereto, ECF No. 106, and Defendant's Reply to Plaintiff's Response, ECF No. 112.

In her Motion, Defendant asserts that Plaintiff has failed to respond to a discovery request seeking Plaintiff's signature on medical authorizations to allow Defendant to obtain Plaintiff's medical records two institutions in which Plaintiff was imprisoned subsequent to the period at issue in this litigation.

In his Response, Plaintiff asserts that he did respond to this discovery request and has subsequently re-sent his response.  In that response, Plaintiff objected to the above-specified request on the basis that it did not seek relevant information because it related to a period after the events in question.  In her Reply, Defendant indicates she has received this objection.

The scope of discovery is defined in Federal Rule of Civil Procedure as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

It is Defendant's burden to prove the relevance of the requested information. See In re Milo's Kitchen Dog Treats Consol. Cases, 307 F.R.D. 177, 179 (W.D. Pa. 2015).

In her Reply, Defendant explains that she seeks "to discover what other abdominal, gastrointestinal or other medical problems Plaintiff has since been diagnosed with (that may have existed at the time of [Defendant's] treatment which could have been confused by Plaintiff as [the complained-of] 'liver pain.'" ECF No. 112 ¶¶ 6-7. Defendant also seeks to discover whether Plaintiff continues to refusal "diagnostic procedures relating to his hepatitis C." Id. ¶¶ 9-10. These requests appear to be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Motion is granted.

AND NOW, this 26th day of August, 2016, IT IS HEREBY ORDERED that Defendant's Motion to Compel, ECF No. 103, is GRANTED. Plaintiff shall provide executed authorizations for SCI-Pittsburgh and SCI-Camp Hill at the deposition of August 29, 2016.

                BY THE COURT:

                /s/ Maureen P. Kelly
                MAUREEN P. KELLY
                CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Shawn Thomas Moore
       LZ-9799

SCI Pittsburgh
P O Box 99991
Pittsburgh, PA 15233

All counsel of record via electronic case filing