IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

Docket Number 14-870

_____

SHAWN THOMAS MOORE
Plaintiff

vs.

SUSEN ROSSINO,M.D.
Defendant.

**FILED**

SEP 1 5 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

_____

APPEAL OF THE NON-DISPOSITIVE ORDER DATED AUGUST 26, 2016
BY THE HONORABLE MAGISTRATE MAUREEN P. KELLY
IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

_____

Respectfully submitted,

*Shawn Moore*

Shawn Moore, Pro-Se
S.C.I.P.
P.O. Box 99991
Pittsburgh, PA 15233

## TABLE OF CONTENTS

I.    Table of Contents . . . . . . . . . . . . . . . . . i

II.   Table of Authorities . . . . . . . . . . . . . . . ii

III.  Statement of the Issues . . . . . . . . . . . . . . 1

A.   Did the Magistrate, in allowing Defendants Motion
to Compel Discovery, abuse her discretion and allow
discovery that constitutes a fishing expedition?

B.   Did the Magistrate, in allowing Defendants Motion
to Compel Discovery, make errors of law and fact,
abusing her discretion?

IV.   Statement of the Case . . . . . . . . . . . . . . . 1

V.    Facts In Support . . . . . . . . . . . . . . . . . .2

VI.   Summary of Argument . . . . . . . . . . . . . . . . 7

VII.  Argument . . . . . . . . . . . . . . . . . . . . . .7

VIII. Conclusion . . . . . . . . . . . . . . . . . . . . .11

## TABLE OF AUTHORITIES

**CASES**                                                                   **PAGE**

Chimenti, Et Al., vs. Pennsylvania Dept. of Corrections
        Civil Action No.15-3333...............................6

In Re Cendant Corp Sec. Litig.
        343 F.3d 658, 661-62 (3d Cir. 2003)..................8

McConnell vs. Canadian Pacific Realty Co.
        280 F.R.D. 188, 192 (M.D.Pa. 2011)..................8

Morrison vs. Philadelphia Housing Authority
        203 F.R.D. 195, 196 (E.D.Pa. 2001)..................8

Mumia Abu-Jamal vs. John Kerestes
        Civil Action No. 15-0967............................6

Provine vs. Provine Ambulatory Health Services
        2014 WL 47771, at *2 (M.D.Pa Jan 6, 2014)...........7

Ohntrup vs. Makina Ve Kimya Endustrisi Kurumu
        760 F.3d 290, 296 (3d Cir. 2014).....................8

**STATUTES**

42 U.S.C. § 1983 ...............................................1

Fed. R. Civ. P., Rule 7(b)(1)(B)............................4,8

Fed. R. Civ. P., Rule 26(b)(1)...............................7

Fed. R. Civ. P., Rule 37....................................3,7

Fed. R. Civ. P., Rule 37(a)(1)...............................8

Fed. R. Civ. P., Rule 37(a)(3)...............................8

Fed. R. Civ. P., Rule 72(a)..................................1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN THOMAS MOORE, | : | No.2:14-cv-00870-DSC-MPK |
| Plaintiff, | : | Civil Action - Law |
| | : | Hon. David S. Cercone |
| v. | : | Magistrate J. Maureen P. Kelly |
| | : | JURY TRIAL DEMANDED |
| SUSEN ROSSINO,M.D., | : | |
| Defendant. | : | APPEAL OF NON-DISPOSITIVE ORDER |

## APPEAL OF NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

NOW COMES plaintiff, Shawn Moore, in the above entitled matter, and files this Appeal of a Non-Dispositive Order of Magistrate Judge, Maureen P. Kelly, pursuant to Fed.R.C.P. Rule 72(a).

### STATEMENT OF ISSUES

A.   Did the Magistate, in allowing Defendants Motion to Compel Discovery, abuse her discretion and allow discovery that constitutes a fishing expedition.

B.   Did the Magistrate, in allowing Defendants Motion to Compel Discovery, make errors of law and fact, abusing her discretion, contrary to the Rules of Procedure and Law.

### STATEMENT OF THE CASE

This is a case in which the plaintiff alleges a violation of his Fourteenth Amendment Right to Due Process pursuant to 42 U.S.C. § 1983. Plaintiiff alleges that he received inadequate medical care while incarcerated at the Lawrence County Jail. Plaintiff has since been transferred to a state correctional facility at Pittsburgh. Discovery is scheduled to be completed on October 3, 2016, per Fourth Case Management Order [ECF 116]. Defendants filed Motion to Compel Discovery that was not in accord with the Rules of Civil Procedure and sought irrelevant discovery in a fishing expedition.  Moreover, defendants then filed

her Reply to Plaintiff's Opposition in which they raised for the

first time issues of relevancy that plaintiff was not allowed

to counter as Magistrate, Maureen P. Kelly, made her decision

the following day using arguments made in defendnat Reply.

The Reply and Order were based on complete falsehoods, errors

of fact, and theories of relevancy not articulated in their

Motion to Compel, with the fundamental unfairness of not allowing

the plaintiff to respond to their Reply.   Plaintiff states

the following facts in support of his appeal to reverse and

or modify the Order of the Court:

### FACTS IN SUPPORT

1.   On August 10, 2016, defendant Rossino filed a Motion
to Compel Discovery [ECF 103]. (See attached exhibit "P.1")

2.   Defendants Motion, Paragraph 4, states in part:

"In order to obtain Plaintiff's complete treatment records,
On June 9, 2016, the undersigned served a Second Request for
Production of Documents Directed to Plaintiff requesting he
sign medical authorizations allowing this Defendant to obtain
records from those two institutions."  (Ex.P.1)

3.   Defendants attorney then states in Paragraph 5 :

"Plaintiff has neither responded nor objected to this Request
and his response is well past due."

4.   This was the basis for his Motion to Compel as he
articulated nothing further, yet, defendants Reply states that
plaintiff sent his objections August 18, 2016, ten days after motion
to compel was filed. Not true or accurate. Plaintiff sent objections
to Request for Admissions on August 18, unrelated to motion.(EX."P.8")

5.   In any event, the plaintiff sent his objection to the
request for medical records on July 7, 2016. (See Exhibit "P.9")

6.   The Defendant never tried to confer with the plaintiff
to resolve the issue of discovery before seeking an order from

the court.

7.    Defendant never certified to the court the he had
made a good faith effort to resolve the issue without court
order.  Both of these are in violation of the rules of procedure.

8.    Defendant only claimed later, in his Reply, that "...
conferring with the opposing party in this case is nearly impossible
given that Mr. Moore is incarcerated."

9.    Plaintiff has had numerous issues with defendants
not responding to requests for discovey, so much so, that they
never responded to a set of interrogatories in a timely manner,
yet, every single time, plaintiff managed to comply with the
rules of procedure and make good faith efforts to resolve without
court intervention.

10.    The defendant in this case, has routinely ignored
mandatory language in the rules, put forth absolute fictions
of fact, and then, even worse, the magistrate has accomodated
him unfairly to the plaintiff, of which I shall show.

11.    On approxiamately August 15, 2016, plaintiff filed his
Response in Opposition to Defendants Motion to Compel. (Please
See attached as Ex. "P.2")

12.    In his Response, plaintiff explained that he had sent
defendant a timely response, and, defendant would have known that
had he complied with the mandatory language in Fed R.C.P. Rule 37.

13.    On August 25, 2016, defendant Rossino filed a "REPLY TO
PLAINTIFF'S RESPONSE TO MOTION TO COMPEL DISCOVERY". (See Ex. "P.3",
[ECF 112])

14.    Defendant Rossino, in her Reply, raised for the first
time, issues that were not in her Motion, which is contrary to

Fed.R.C.P., Rule 7(b)(1)(B), which states in part:

The motion must:  "state with particularity the grounds for seeking

the order..."

    15.    The Reply attempted post-hoc, to shift it's reason for

the reason to compel.

    16.    The reasons stated in the Reply were flat out non-truths.

    17.    The Reply stated plaintiff's objections were inappropriate.

    18.    Defendants Reply, Paragraph 6, states the following

non-truth:  "In particular, Plaintiff claims that apparently Dr.
Rossino did not properly treat what he claims was liver pain.
Plaintiff had a number of other chronic conditions which included
gastrointestinal problems and apparently Crohn's disease (the latter
was never reported to Dr. Rossino)."

    19.    This staement is absolutely not true as the following

Exhibits show, not only did plaintiff report his Crohn's Disease

upon entry to the jail, Dr. Rossino herself notes this in plaintiff's

medical records.  (See Ex."P.4, pg.3 of 8" and Ex."P.5, pg.1 of 3")

    20.    Any gastrointestinal issue plaintiff had was known by

defendant Rossino, and was diagnosed.

    21.    Defendants Reply, Paragraph 7, states the following:

"Defendant is entitled to discover what other abdominal, gastro-
intestinal or other medical problems Plaintiff has since been
diagnosed with (that may have existed at the time of Dr. Rossino's
treatment) which could have been confused by Plaintiff as "liver
pain." In other words, if there was some other unknown cause
for his alleged pain which was unknown to Dr. Rossino, Plaintiff
could not recover for the claims he has asserted." (Ex."P.3")

    22.    It is established through the foregoing exhibits that

defendant Rossino was aware of plaintiff's Crohn's Disease.

    23.    To allow defendant Rossino to "see" if there are issues

that had been unknown to her (which is untrue) constitutes a

"fishing expedition" not allowed by the rules of discovery.

    24.    Defendants Reply further states, Paragraph 8,

"Accordingly, Defendants request for Plaintiff's subsequent medical files are reasonably calculated to lead to the discovery of admissable evidence,..."

25.   Equally important to these statements being untrue as a basis for Compelling, they were not included in the Motion to Compel.

26.   The Reply goes on to state additional untruths as a basis for Compelling Plaintiff's medical records.

27.   Defendants Reply, Paragraph 9, states:  "Furthermore, the medical records obtained in this case confirm that Plaintiff continually refused appropriate diagnostic procedure related to his hepatitis C."

28.   Plaintiff vehemently denies this.  Plaintiff never refused any procedure or diagnostic related to his Hepatitis C.

29.   Defendants are referring to refusal forms that have falsified information and are misleading and untrue.

30.   Most importantly, and this is information I have been trying to get defendants to answer through a series of interrogatories, of which the court initially denied, and that is the dates that Dr. Rossino was physically at the Lawrence County Jail, as these alleged refusals state that Dr. Rossino advised plaintiff of certain medical information, of which, she did not, because Dr. Rossino was not at the jail on these dates.  Defendants objected stating this information was not relevant, yet it is the crux of their defense.

31.   The refusals referred to by defendants are falsified information.

32.   The Reply further states, Paragraphs 10 and 11, "Defendant is entitled to know if those refusals have continued."

and "In other words, even if Plaintiff claims that Dr. Rossino should have done more (which Dr. Rossino does not conced is a cognizable claim), his continued pattern of refusal of treatment is relevant to show that Plaintiff would have refused any additional treatment offered by Dr. Rossino."

33.    As plaintiff has stated, let defendants answer if Dr. Rossino was at the jail on the dates of these alleged refusals. Dr. Rossino was only at the Lawrence County Jail one day per week, which did not include dates alleged by defendant.

34.    On August 26, 2016, one day after defendant Rossino filed her Reply to Plaintiff's Opposition, Magistrate Kelly, issued her Order Compelling Plaintiff to provide defendants with signed authorizations for plaintiff's entire medical file since having been in state custody. (See Exhibit "P.6", [ECF 113])

35.    Magistrate Kelly's justifications for compelling plaintiff's medical records were based solely on a pot-hoc Reply, of which, had no basis in fact, in fact, quite contrary to the facts.

36.    Morever, this Order to Compel was granted one day after it was filed and did not afford the plaintiff the fair oppurtunity to refute what defendant erroneously portrayed as true. (Please see Ex. "P.6" [ECF 113])

37.    In addition, plaintiff is preparing to file suit against the current providers of healthcare in the D.O.C. via a class action lawsuit initiated in the Eastern District of Pennsylvania NO.15-3333, CHIMENTI, ET AL. vs. PENNSYLVANIA DEPARTMENT OF CORRECTIONS, for non-treatment of his Hepatitis C.  There are other pending suits for the same in other District such as MUMIA ABU-JAMAL v. JOHN KERESTES, (M.D. 15-00967).

38.    Plaintiff states that his medical records from the D.O.C. are unreliable (even though plaintiff swears there are no refusals

to be found) and that, just defendant Rossino has tried to portray
with alleged self-serving refusals, D.O.C medical department is
also suspect. (Please see EX. "P.7", detailing plaintiff's grievance
history regarding medical care and lack thereof)

39.    Lastly, allowing defendant Rossino access to my complete
medical records based on non-truths set forth by defendants is an
abuse of discretion, error of law, and constitutes a fishing expedition.

## SUMMARY OF ARGUMENT

This Court should allow Plaintiff's Appeal of Non-Dispositive
Order of Magistrate Kelly and reverse the Order Compelling Discovry
because the Order was contrary to the facts and law, and denied
the Plaintiff fundamental fairness.

## ARGUMENT

A.    PLAINTIFF'S APPEAL SHOULD BE GRANTED AND
      ORDER TO COMPEL REVERSED BECAUSE IT ALLOWS
      DEFENDANT TO FISH FOR EVIDENCE

B.    PLAINTIFF'S APPEAL SHOULD BE GRANTED AND
      ORDER TO COMPEL REVERSED BECAUSE IT IS BASED
      ON ERRORS OF FACT, LAW, AND ABUSE OF DISCRETION

Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain
discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).
While generally liberal, permissible discovery is not without
limitations; it "should not serve as a fishing expedition."
Provine v. Ambulatory Health Services, Inc., No.13-cv-334, 2014
U.S. Dist. LEXIS 702, 2014 WL 47771, at *2 (M.D. Pa. Jan.6,
2014).

Under Fed. R. Civ. P. 37, a party may move to compel discovery

when existing disclosures have been insufficient. Fed. R. Civ.
P. 37(a)(3).  The party moving to compel discovery bears the
burden of proving the relevance of the requested information.
Morrison v Philadelphia Housing Authority, 203 F.R.D. 195, 196
(E.D. Pa. 2001).  Fed. R. Civ. P. 37(a)(1) states in part, that
a motion to compel "...must include a certification that the
movant has in good faith conferred or attempted to confer with
the person or party failing to make disclosure or discovery
in an effort to obtain it without court action."  Fed. R. Civ.
P. 7(b)(1)(B) states in part, that the motion must "state with
particularity the grounds for seeking the order;"  In the instant
matter, defendants have done none of these.  The motion was
based on plaintiff's alleged failure to respond.  Defendant
never made any good faith attempt to confer with plaintiff before
seeking court action.  Moreover, defendants Reply was not a
Motion and was based on facts to relevancy that were, and are,
erroneous.

It is well established that the scope and conduct of discovery
are within the sound discretion of the trial court.  In Re Cendant
Corp. Sec. Litig., 343 F.3d 658, 661-62 (3d Cir. 2003). "Rulings
regarding the proper scope of discovery, and the extent to which
discovery may be compelled, are matters consigned to the Court's
discretion and judgment."  McConnell v. Canadian Pacific Realty
Co., 280 F.R.D. 188, 192 (M.D. Pa. 2011).  A court's decision
regarding the conduct of dicovery will be disturbed only upon
a showing of an abuse of discretion.  Ohntrup v. Makina Ve Kimya
Endustrisi Kurumu, 760 F.3d 290, 296 (3d Cir. 2014). The Magistrate's

Order to Compel was based on errors of fact, contrary to the Rules of Procedure; based on a "Reply" to plaintiff's Opposition to Motion to Compel rather than reasons that sre supposed to be set out in the actual Motion to Compel; based on a Reply without plaintiff being given an oppurtunity to rebut the blatant inaccuracies of defense counsel, of which, the decision was given the very next day after the "Reply" was filed making sure plaintiff was denied fair process; based on a "Reply" that was almost entirely filled with statements that were entirely untrue; based on a Motion that did not comply with mandatory language in Rule 37; based ultimately, on what constitutes a fishing expedition because nothing attorney Shear said was true. So much so that it bears review.

(a)    The Motion alleged plaintiff did not respond to his request for documents, specifically, signed authorizations for plaintiff's complete medical after leaving county jail. (Plaintiff responded timely on July 7, 2016.)

(b)    The Motion to Compel did not contain a statement from defense counsel that he had made a good faith effort to obtain these documents without Court intervention. Nor did it contain a Certification to the same. (All contrary to the rules, if counsel had sent a simple letter stating he had not recieved my Answer I would have gladly re-sent it. Also, he could have then filed a Motion to Compel that was inline with his "Reply", albeit erroneous, to which the court would had to have given me the opportunity to rebut the ridiculous staements made by defendants counsel.)

(c)    After plaintiff filed his Opposition, Attorney, Brett C. Shear made the following false averments in his "Reply"

(1)    He admits that he received plaintiff's objection to the authorization for complete medical file from after plaintiff was released from County Jail, but he says that he received it August 18, 2016, which is untrue.  Plaintiff sent his "Objections to Requests for Admission" on August 18th, and his original objections were resent.

(2)    He then offered that, "in any event, these objections do not resolve the Defendants Motion to Compel", which is also inaccurate because the sole basis for his Motion was that plaintiff had not responded, which, as I've stated, is untrue.

(3)  Attorney Shear's next portrayal was that, while he did not confer with plaintiff before filing his Motion to Compel it was somehow okay because "conferring with the opposing party in this case is nearly impossible given that Mr. Moore is incarcerated".  Attorney Shear has conferred with the plaintiff in this case countless times before by mail, just as plaintiff did several times when there were the numerous late response from defendants counsel regarding discovery, yet this time it was "nearly impossible" as if it were okay to tailor the rules because, in this instance, it did not suit defendants counsel.

(4)  Next was the claim that Dr. Rossino was unaware that plaintiff had Crohn's Disease.  The Medical Records clearly show that from the day plaintiff became incarcerated he made medical staff aware he had Crohn's and Dr. Rossino clearly notes this herself in plaintiff's medical records as found in plaintiff's Exhibits "P.4" and "P.5".  He then alluded that plaintiff had "a number of other chronic conditions which included gastrointestinal problems".  Plaintiff's Crohnic conditions include Asthma, Hepatitis C, Crohns' Disease, and Acid Reflux.  All of which were diagnosed an known by defendant, Dr. Susen Rossino.  Now, post-hoc, defendants counsel is trying to portray that there is some mystery gastrointestinal ailment that plaintiff may have confused with the pain he had in his LIVER.

(5)  Lastly, Attorney Shear claims that plaintiff signed refusals for treatment of his Hepatitis C.  Plaintiff vehemently denies this. From the very outset of discovery, plaintiff has attempted numerous times to get defendant Rossino to answer whether or not she was at the county jail on certain dates that these alleged refusals refer to.  Defendants counsel has refused to answer because he knows that to answer these requests would put into question, and absolutely refute, what it is that these refusals allege.  Moreover, and most important, when plaintiff filed his Motion to Compel these answers based on the fact that defendants waived their right to object to answering because  they did not respond timely, Magistrate Kelly ruled in favor of defendants saying that plaintiff had failed to prove the relevancy of the requests when he should not have had to because defendants waived their right to object.  Yet now, defendants counsel is trying to use these exact dates, which he had previously claimed were not relevant in his Opposition to plaintiff's Motion to Conmpel, to prove that plaintiff had all sorts of refusals.  With these decisions by Magistrate Kelly, it appears that defendants counsel can say just about anything and get a ruling in his favor.

## CONCLUSION

This Court should reverse the Order of Court made on August 26, 2016, Compelling Plaintiff to provide signed authorizations for his complete medical records from after he left the county jail because the decision was an abuse of discretion, based on errors of fact and contrary to law.  I would also ask that this court, should it not reverse the Order, that it Modify the Order to mandate Dr. Rossino to answer when she was physically at the jail for the timeframes plaintiff has requested in his interrogatories.

Dated: September 12, 2016.

Respectfully submitted,

SHAWN MOORE, pro-se #LZ-9799
S.C.I.P.
P.O. Box 99991
Pittsburgh, PA 15233