UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN THOMAS MOORE,<br>  Plaintiff,<br>v.<br><br>SUSEN ROSSINO, M.D.; BRIAN LUFFEY;<br>PRIMECARE MEDICAL INC.,<br><br>  Defendants. | No. 2:14-cv-00870-DSC-MPK<br><br>CIVIL ACTION - LAW<br><br>Hon. David S. Cercone<br>Magistrate Judge Maureen P. Kelly<br><br>JURY TRIAL DEMANDED |

## **DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS**

AND NOW comes Defendant SUSEN ROSSINO, M.D., by and through her attorneys, TERRY C. CAVANAUGH, ESQUIRE, BRETT C. SHEAR, ESQUIRE and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, and files the following Concise Statement of Material Facts in Support of Motion for Summary Judgment (Defendant further incorporates the parties' Joint Statement of Undisputed Facts), stating as follows[1]:

1. Plaintiff was at the relevant times a pretrial detainee in the Lawrence County Jail. Second Amended Complaint, ¶3.

2. Plaintiff was not sentenced until May 7, 2015 after he pled guilty to voluntary manslaughter. Exhibit O.

3. Plaintiff was incarcerated in the Lawrence County Jail from June 14, 2012 until May 22, 2015. Second Amended Complaint ¶9.

4. Plaintiff has had Hepatitis C since approximately 1996. Second Amended Complaint, ¶3; deposition of Shawn Moore, Exhibit A, p. 7 (all exhibits will be attached to this Defendant's Memorandum in Support of Motion for Summary Judgment).

---

[1] Defendant's counsel worked with Plaintiff's counsel to develop a more thorough Joint Statement of Material Facts. Despite undersigned's best efforts, Plaintiff would not agree to many facts which he admitted in his deposition or which were otherwise uncontroverted.

5. In addition to Hepatitis-C, Plaintiff also has Crohn's Disease, a disease which causes chronic inflammation of the intestinal tract.

6. Plaintiff had a history of abdominal problems before coming to the Lawrence County Jail.

7. On March 3, 2011, he was seen at Jameson Hospital for abdominal pain. That March 3, 2011 medical record is attached to Defendant's Brief as Exhibit C.

8. During that visit, the medical professionals at Jameson documented abdominal pain and nausea and his past medical history of Crohn's disease, Hepatitis-C, Colon polyps, anemia and asthma. Exhibit C.

9. The impression given for his abdominal pain and nausea was "His symptoms are probably secondary to an exacerbation of his Crohns (sic) disease." Exhibit C.

10. A colonoscopy on March 4, 2011 resulted in a postoperative diagnosis of proctitis, narrowed terminal ileum, some right sided diverticulosis and suboptimal prep. Operative Report, March 4, 2011, Exhibit D.

11. Given Plaintiff's "lack of symptoms and lack of compliance," the doctor recommended that Plaintiff be followed and a suppository be considered. Exhibit D.

12. Dr. Rossino saw patients at the Lawrence County Jail through a contract that Primecare Medical, Inc. had with her Dr. Rossino's employer. She had no direct contract with Primecare Medical, Inc. or the Jail and Plaintiff has no evidence to the contrary. Deposition of Dr. Rossino, Exhibit B, p. 21.

13. Susen Rossino, M.D. is a medical doctor who practices in the areas of internal medicine and family medicine.

14. Dr. Rossino is not a hepatologist.. Deposition of Susen Rossino, M.D., Exhibit B, pp.11-12.

15. Dr. Rossino cannot order medication for Hepatitis C treatment – that must come from an outside specialist. Exhibit B, p. 86.

16. Dr. Rossino is not an employee of Primecare Medical, Inc. Primecare Medical, Inc.'s Answers to Plaintiff's Second Set of Interrogatories, No. 5, Exhibit E.

17. Primecare Medical, Inc. also directly employed nurses who saw patients at the Lawrence County Jail.

18. Primecare operates on a formulary, much like an insurance company, determining what medications a patient/inmate can receive. Primecare also has utilization committees which determine the treatment that a patient can receive. Exhibit B, pp.100-101 .

19. Dr. Rossino has no input into Primecare's formulary and is not a member of its utilization committee. Exhibit B p. 101.

20. There is no evidence that Dr. Rossino had any supervisory authority over Primecare's nurses.

21. At the times relevant hereto, Dr. Rossino saw patients at the Lawrence County Jail one day per week. She typically saw patients at the Lawrence County Jail on Thursday with the exception of one or two times per year. Exhibit B, p. 69.

22. Dr. Rossino would see Plaintiff *at least* every three months for chronic care of his Hepatitis-C. Exhibit B, p. 17.

23. If Plaintiff needed to see Dr. Rossino more often, the Lawrence County Jail would require him to fill out a Medical Request Slip (also known as a Sick Call Slip). Dr. Rossino would then see Plaintiff on the days that she was available at the Lawrence County Jail.

24. At the times relevant hereto, those Medical Request/Sick Call Slips were not given to Dr. Rossino to review. Exhibit B, p. 64.

25. Those Slips are given to the Primecare Nurses who are then supposed to schedule appointments. Exhibit B, p. 35.

26. The Lawrence County Jail did not have a separate form for rescheduling medical visits. Exhibit B, p.66.

27. During the times at issue, Dr. Rossino was not given grievance forms submitted by prisoners to the Lawrence County Jail. Exhibit B, pp. 50; 64.

28. Plaintiff claims that he experienced pain in his liver as a result of his Hepatitis-C.

29. Plaintiff has no medical education or training. Deposition of Shawn Moore, Exhibit A, p. 79.

30. Dr. Rossino noted Plaintiff's subjective complaints of liver pain in the medical records, but did not ever concluded that Plaintiff's liver was the source of his pain. Exhibit B, pp. 88-89.

31. According to Dr. Rossino, patients with Hepatitis C do not typically experience pain or other symptoms which is what makes it such a dangerous disease. Exhibit B, p.99.

32. During Plaintiff's Hepatitis-C chronic care visit on November 9, 2012, Dr. Rossino documented that Plaintiff had mild right upper quadrant tenderness. Exhibit B, p. 38.

33. To help with the reported abdominal pain, Dr. Rossino recommended that Plaintiff try to eat a low-fat diet. Exhibit B, pp. 47-48; 98-99.

34. Dr. Rossino documented that Plaintiff reported right upper quadrant pain, some nausea, worse with food on December 6, 2012. Exhibit B, p. 52.

35. On December 6, 2012, given the continued reports of abdominal pain, Dr. Rossino ordered a 30-day course of Prilosec for Plaintiff to relieve any symptoms related to stomach acid. Exhibit B, pp. 54-55; 98-99.

36. She also continued to encourage a low-fat diet. Exhibit B, p. 54.

37. On December 6, 2012, based on Plaintiff's continued complaint of abdominal pain, Dr. Rossino was concerned about possible gallbladder disease. Exhibit B, pp. 53-54.

38. On December 6, 2012, Dr. Rossino ordered an ultrasound because of the upper right quadrant pain and the concern of possible gallbladder disease. Exhibit B, pp. 60-61; 98-99.

39. On May 16, 2013, Dr. Rossino ordered and x-ray of Plaintiff's chest due to her concern that his complaints could indicate a rib issue. Exhibit B, pp. 87-90; 98-99.

40. Dr. Rossino documented that Plaintiff had right abdominal pain in which Plaintiff pointed to his lateral chest and low ribs with no tenderness in his liver on May 16, 2013. Exhibit B, pp. 83-84.

41. Dr. Rossino documented, during Plaintiff's annual physical, diffuse tenderness and possible liver enlargement on June 13, 2013. Exhibit B, p. 92.

42. The plan was to assess Plaintiff the next week during his scheduled chronic care visit. Exhibit, B, pp. 92.

43. Dr. Rossino prescribed Adderall for Plaintiff in January, 2015 which Plaintiff testified helped with the pain he attributed to his liver. Exhibit A, p. 78.

44. At least every three months during his chronic care visits, Dr. Rossino ordered and reviewed blood tests of Plaintiff's liver enzymes (ALT tests) in connection with monitoring his Hepatitis C. Exhibit B, p. 82.

45. The Plaintiff's ALT tests were monitored by Dr. Rossino to see if the liver enzyme levels were changing rapidly along with reviewing the patient's presentation to determine how Plaintiff's Hepatitis C was being controlled or progressing.  Exhibit B, p. 82.

46. From day-to-day, there is always going to be variability in liver enzymes in any person.  Exhibit B, p. 39.

47. Plaintiff started experiencing the pain that he believes emanated from his liver in 2010 or 2011, before he was ever in the Lawrence County Jail.  Exhibit A, p. 48-49.

48. Before coming to the Lawrence County Jail, he would treat the pain with ibuprofen, Tylenol or Aleve.  Exhibit A, p. 49.

49. Before coming to the Lawrence County Jail, Plaintiff never sought treatment from a doctor for this pain that he believes was coming from his liver.  Exhibit A, p. 54.

50. Plaintiff never requested that Dr. Rossino or anybody else in the Lawrence County Jail to provide him with pain medications.  Exhibit A, p. 13; p. 55-57.

51. There are specific risks that Dr. Rossino recognizes with treating pain complaints with pain relieving medications in patients with Hepatitis C and Crohn's disease, like Plaintiff.  Exhibit B, pp. 97-99.

52. Anti-inflammatory medications can worsen kidney damage that can accompany Hepatitis C.  Exhibit B, p. 97.

53. There are risks with giving Tylenol or an anti-inflammatory which can cause gastrointestinal issues.  Exhibit B, p. 98.

54. Dr. Rossino considered prescribing narcotics a dramatic step and there are, obviously, serious risks with prescribing narcotics.  Exhibit B, p. 99.

55. There were times that Plaintiff received pain medications and they did not seem to give him relief.  Exhibit B, p. 98; Exhibit A, p. 57.

56. There are no pain relief medications that are safe and effective in all settings.  Exhibit B, p. 98.

57. Plaintiff was seen by hepatologist Sean A. Connelly, M.D. on February 12, 2015.  Dr. Connelly's February 12, 2015 Note, Exhibit F.

58. In the history of present illness, Dr. Connelly did not document any history of "liver pain" reported to him by Plaintiff.  Exhibit F.

59. To the contrary, Plaintiff denied any "constipation, melena, abdominal pain or weight loss."  Exhibit F.

60. Dr. Connelly's physical examination of the abdomen demonstrated that it was non-tender, no rigidity (guarding), no hepatosplenomegaly (i.e. no swollen liver or spleen) and no palpable abdominal masses.  Exhibit F.

61. Dr. Connelly next saw Plaintiff on March 30, 2015.  Exhibit G.

62. Again, Dr. Connelly did not document any history of "liver pain" reported to him by Plaintiff.  Exhibit G.

63. In fact, during that visit, Plaintiff denied "any constipation, melena, abdominal pain or weight loss."  He also denied "nausea, vomiting, odynophagia or dysphagia."  Exhibit G.

64. Dr. Connelly reviewed the results of a March 16, 2015 right upper quadrant sonogram which revealed a "heterogeneous liver."  Exhibit G.

65. The review of systems from that visit, under gastrointestinal, states that abdominal pain was "not present."  Exhibit G.

66. The physical examination of the abdomen showed that it was "non tender, no rebound tenderness, no rigidity (guarding), no hepatosplenomegaly and soft."  Exhibit G.

67. On April 10, 2015, Dr. Connelly entered a Procedure Order for Plaintiff to have a "US Guided Liver Biopsy" in connection with his diagnosis of Hepatitis-C.  Exhibit H.

68. On April 21, 2015, Plaintiff was taken to Jameson Hospital for that biopsy and refused to have the procedure performed.  Exhibit I.

69. On April 23, 2015, Dr. Connelly entered a Laboratory Order for a HCV FibroSure test in connection with Plaintiff's Hepatitis-C diagnosis.  Exhibit J.

70. Plaintiff refused to consent to that testing on April 28, 2015.  Exhibit K.

71. He again refused to have an HCV FibroSURE lab drawn on May 15, 2015.  Exhibit L.

72. He refused to have an HCV FibroSURE lab drawn for a third time on May 19, 2015.  Exhibit M.

73. Plaintiff has not been medically treated for Hepatitis-C and pain after leaving the Lawrence County Jail and the care of Dr. Rossino in May, 2015.  Exhibit B, pp. 77, 80.

MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN

BY: *s/ Brett C. Shear*
TERRY C. CAVANAUGH, ESQUIRE
PA ID #16702
BRETT C. SHEAR, ESQUIRE
PA ID #92244
***Attorneys for Defendant, Susen Rossino, M.D.***
600 Grant Street, Suite 2900
Pittsburgh, PA  15219
(412) 803-3461; (412) 803-1188/fax
tccavanaugh@mdwcg.com
bcshear@mdwcg.com